Our next case is Othea v. United States 17-2277. Mr. Lector. May it please the court. This case has been a litigation tragedy. This is 19 years pending in the court of federal claims. There are 3,167 nurses in the VA who were systematically underpaid when they separated or retired from the federal government between 1993 and 1999. There were COLAs that should have, by law, under 5 years code 5551, been applied to their unused annual leave, and it wasn't. Similarly, locality payments in lieu of COLAs weren't applied, and in a number of those cases, as well, people who had worked on Sunday and had a Sunday premium, that should have been applied as part of their pay up through 1997 when Congress took that benefit away on leave, but just only for the Sunday premium. Mr. Lector, where in the BPA or the Lump Sum Payment Act does it show that lump sum payments constitute pay and that they're entitled to prejudgment interest? Of the BPA, Congress, after a number of years, the modern BPA came into effect in 1966, and then over a period of years with the question in Congress as to whether or not to apply interest. And during that period, Congress wrestled with to whom do we apply interest and how specific do we get, and in fact, the chairman of the committee said, we're not going to specify. It was very particular in the testimony of the chairman. We're not going to specify which particular pay, premiums, allowances, differentials. The code is filled with them. They're all over the place in various agencies, expense allowance, travel allowances, education allowances, Sunday premium, Saturday premium, night premium, et cetera, and so they expanded it. Sir, there's some payments that do qualify as for prejudgment interest under the BPA, and you referred to some of them, allowances. Pay and allowances. So they expanded. We're talking about lump sum payments qualified as that. That's unused value. Of course, that would qualify a lump sum payment as an allowance or a differential. Yes. Well, the question arises in the BPA, what did Congress mean when it said pay, allowances, or differentials? Now, three things standard in this court in terms of statutory construction. But what did it say, lump sum payments qualify as those type of payments? Yes. I think that's your challenge here. Yes. The OPM, of course, has the right to interpret that language, and OPM interpreted the language very specifically in the 1981 regulation, which applies to these plans. They all retired or separated while the 1981 regulation of the BPA was in effect. And what the OPM said was that pay, allowances, and differentials covers all monetary benefits or employment benefits that federal employees have pursuant to their federal function. So there was a very broad but very specific interpretation by OPM that all monetary benefits and employment benefits would be applicable to the interest provision. Now, in addition, we have the history of what is the lump sum payment. Mr. Leitner, could I just ask you two questions, please? The first question is, what additional, and I'm using that as the term of art here, what quote additional pay is still at issue under 70, in other words, there are two issues here. What goes in as additional pay under 7453, and then there's the BPAC Pay Act issue. But what additional pay is still at issue? The government says, I think that at page five of its brief, that only weekend additional pay is at issue. Saturday additional pay and night additional pay. Okay, Saturday. Strictly for nurses, Your Honor. Only nurses and employees, specific scientific and qualified employees under Title 38 at the VA. So only Saturday, you're saying that only Saturday and additional, and night pay is at issue? Yes. The second question I had is, the August 31, 2015 Court of Federal Claims decision denied the BPAC Pay Act pre-adjustment interest on monies that were improperly omitted from the supplemental payments, correct? From the supplemental lump sum payment. What exact items are you claiming backed pay interest on as a component of the lump sum payment? The COLAs that were not paid between 1993 and 1999. But you eventually got them? The COLA itself, but not the interest. Okay, I understand. So the COLA is not initially paid. No, the pay is not an issue here, it's the interest only. It's only the interest that's at issue in this case. Right. So, first of all, interest on the COLAs that weren't properly paid. Correct. And the interest on locality, there are certain people who get, nurses who get locality pay in lieu of a COLA. And then Sunday premium pay that people earned and accrued and were paid, but not the interest. So, it was eventually determined that these sums or amounts should have been included in the lump sum payment, and that's the reason you're seeking interest? And it was finally settled last year, after 18 years at that point. So what you would say is you're seeking interest because of the late inclusion of those items in the lump sum? Yes, only 18 years worth. Okay. And the issue here is, it has very broad implications. The court below acknowledged, and the government acknowledges in its brief, that all of this money is accrued while an employee is working. And if you go on the LPM's website under pay and leave, it says very clearly that when you earn and you accrue annual leave, you accrue it every single pay period. Depending on your years of service, you either get four hours of annual leave, eight hours of annual leave, et cetera. You accrue it, and it is yours. You can use the leave, or you can get paid at the end of your service. Now, 200,000 federal employees retire or separate every single year. It's almost impossible not to have unused annual leave and a lump sum. The reason being, in the final pay period, even if you're on leave, you earn more leave because you are a federal employee for that pay period. So it's almost impossible not to have unused annual leave. And many, many people, of course, bank annual leave rather than use it. And it is their right according to LPM. And so the notion then that all of these federal employees who now are paid exclusively by electronic means, by law, you only get paid when you separate or when you finish your pay period. So the government's argument seems to be that you're no longer an employee because you're now retired. You're now separated. Therefore, when you get your money, you're not a federal employee. Therefore, the law doesn't apply. As I understand it, that's a backup argument the government makes. They make two backup arguments that these weren't the kind of personnel actions that implicate the Back Pay Act and that they weren't employees. Right. Now, but the claims court, it held that in itself, by itself, the Lump Sum Payment Act perhaps, they said, is not subject to the Back Pay Act. Now, there's not a single word of legislative history that would indicate that. Not one word of legislative history. What about the language that says, I think this is in the Lump Sum Payment Act, it says the Lump Sum Payment is considered pay for taxation purposes only. Yes. I believe that the Court of Claims relied on that language to say that the, to support its view that prejudgment interest wasn't appropriate. I don't believe so, Your Honor. I think that what the claims court relied on, because the, well, let me go backwards. The Back Pay Act expands the notion of pay and adds allowances and differentials to the coverage of the Back Pay Act. The Lump Sum Payment Act said it is not pay for the purposes of the Lump Sum Payment. In other words, you couldn't also use it with retirement pay. That's what they meant by that. But when Congress, many years later, Lump Sum Act came into effect in 1944 in order to accommodate trying to get federal employees into the armed services. 1966, the Back Pay Act came in, the interest part came in in the 70s with a much more expanded definition of pay, allowances, differentials, which, one, no legislative history says that Lump Sum Payment is excluded from it. Number two, the Attorney General said, well, you earn your pay, your annual leave, and it is yours, and when you retire, you use it, and you could be, you could get cash for it. And virtually every employee does. The Comptroller General did the same. It accrues, it is earned, and it is vested while you are an employee. Therefore, you carry that amount for payment, and the payment necessarily has to happen within ten days, two weeks, three weeks, after an employee retires or separates. Because for the convenience of the government, by electronic means. So the implications of affirming the Court of the Federal Claims' opinion are very broad. We affect every single federal employee when they retire or separate. Not that the government intentionally makes errors, but unfortunately, as in this case, for years and years, they just didn't apply the law correctly, and they didn't pay the COLA with the Lump Sum, which they should have, and clearly in the statute. They didn't pay the Sunday premium pay, a differential, and they should have. And they didn't pay the Calpany pay. So the Court also below never even discussed Chevron. Not a word. Mr. Leckner, you're into your rebuttal time. Do you want to reserve? I would like to. Okay, thank you, Ron. All right, thank you. Counselor Cotet. Ms. Cotet, thank you, Your Honor. May it please the Court. We respectfully request that the Court affirm both of the trial court's judgments from below. Retired or separated individuals are not entitled to interest under the Lump Sum Act or under the Back Pay Act for lump sum payments that are paid to them subsequent to their employment. Indeed, they don't vest or form any entitlement until the day of separation. The Lump Sum Act expressly provides that it is pay for tax purposes only. Therefore, under the Lump Sum Act, lump sum amounts only constitute pay for purposes of paying the amounts that are due for the hours of unused annual leave. The Lump Sum Act also does not provide for interest at all, either expressly or otherwise. Do you agree that the Court of Claims actually relied on the very portion of the statute that you just cited to us in reaching its determination that prejudgment interest was not appropriate here? In part, yes, Your Honor. Because the appellants are not claiming that they're entitled to interest under the Lump Sum Act. They can't because the statute simply does not provide for interest. And the Interest Act provides that if the statute doesn't provide for interest, then you're not entitled to interest. The Supreme Court has stated if the statute does not apply for interest, then you're not entitled to interest. And if a statute is ambiguous, you're also not entitled to interest. The appellants, therefore, seek interest on their lump sum claims under the Back Pay Act. Now, that is why we discuss whether or not they are employees, whether or not there were any adverse personnel actions, and whether or not the lump sum payment itself constitutes pay allowances or differentials. Now, the Court of Claims didn't rely on the employees argument, correct? No, the Court did not. However, we are presenting the court with full arguments. We're not requesting anything from the court except that it affirmed the trial court's judgments. But the trial court made a determination that lump sum payments themselves do not constitute pay allowances or differentials. And that makes sense. And this court should affirm that for the following reason. Sorry to interrupt you there. Mr. Lettner contends, as I understand it, that there are certain components that he's claiming interest on, the COLAs that were denied, that were paid late, and the other items he mentions. And he's saying that these components, being paid late, is what triggers the overall entitlement to interest. Do you understand that to be his contention? That is his contention, and we respectfully disagree with it. I'm sorry to jump in on you, but time is short. Let me ask you, if a component, say component A, is not properly included in the lump sum calculus for whatever reason, why then should there not be a back pay act interest on that? Because that's not what happened here. What happened here is that the appellant received, I should say in part, that's not what happened here. The vast majority of the appellants in this particular case received exactly the amount of money that they were entitled to receive in lump sum payment upon their separation. What they did not receive were supplemental payments on lump sums that came into effect as a direct result of pay increases. While they were on leave. Well, while they were separated. Yeah, while they were using up what they had left. No, after they were retired or separated from civil service. But they still would have been, had they not been retired, they would have been using their unpaid leave. I want to be very clear here. As an active employee, you are entitled to use your annual leave and be paid for it. As an active employee, you are not entitled to receive payment for unused annual leave. And so what we're talking about in this case is unused annual leave. And the only way that any person who worked for the government can receive it is to separate from government service. That is when your entitlement to be paid under the Lump Sum Act, this. And so what we're talking about here is not an adverse personnel action that occurred while people were employed with the United States. What we're talking about here is a failure to compute or pay an additional amount of money that came into effect during a lump sum period subsequent to separation. Let me ask you, is there any component of the final lump sum payment? I understand what you're saying on the COLA issue. It came into effect while in that final period. But is there any component of the final lump sum payment here that was determined to have been erroneously not included? You've answered the COLA point, I guess. I believe that the Sunday premium pay. I apologize, Your Honor. I don't know the answer to that question directly, but I believe the Sunday premium pay and the Saturday night pay. And the locality pay? No, locality pay would have come into effect at the same time that the COLAs would come into effect, the increases. And for those, we're just talking about the difference between what they were paid and what they would have been paid once the increases came into effect. They got it in the supplemental payment. That's correct. That's what I'm just trying to get a fix on. Is there anything here that was received as a component of the lump sum payment that should have been paid at a certain time that wasn't afterward? I guess you were talking about what was in the settlement, right? In the settlement, the appellants, the parties agreed that the appellants would receive the difference between what they received and what they should have received in terms of lump sum payments. And that was, and what was the subject of that was the Sunday premium? That was included, yes, Your Honor. Yes, Your Honor. But was there anything else in it? I don't have a copy of the settlement agreement in front of me. Maybe I do. I apologize. No, no, don't worry. Yes, I do. The record is, you've got to fish through the record here. I understand. I think the settlement agreement, we maybe not have all of it, but I think we've got at least part of it. Maybe we do have all of it. At A, 90, appendix 90 through 92? Yes, I'm there, Your Honor. Yeah. Okay. Sunday premium pay, night premium pay, weekend additional pay were the three categories that were in addition to the COLAs and locality pay adjustments. And prior to that time, the parties had been disputing that issue? Is that correct? Yes, until a determination was made by the VA that these amounts had not been paid. Okay. And then there was no dispute. Yeah. The parties were in agreement. In any event, under the Back Pay Act, the Back Pay Act itself expressly provides that with respect to lump sum, I'll start with annual leave. With respect to annual leave, if a determination is made that someone, by an appropriate authority, that an employee, which can include a current active employee, or a former employee who is the subject of adverse personal action, is entitled to back pay, then under that statute they get back pay. But they have to repay, if they were separated, any lump sum amounts that they received. What they do get is credited for the amount of leave that they would have accrued during that period and credited for the leave that they had to repay the lump sum amount on. If they decide to separate, the Back Pay Act directs payment under the Lump Sum Act. It doesn't include payment within the Back Pay Act itself. Then beyond that, it expressly provides for interest, but it carves out payments lump sum for annual leave from payment of interest. And so under the Back Pay Act itself, an individual would not be entitled to payment for unused annual leave. In fact, would have to repay the money they received or had received under the Lump Sum Act to their agency, be credited for the hours for that leave, and then once they decide to separate, those annual leave hours would be liquidated, not under the Back Pay Act, but under the Lump Sum Act, and not entitled to interest. And so the Back Pay Act doesn't provide for interest on lump sum payments, and so the trial court got it correct. The Lump Sum Act doesn't pay out for interest. The trial court got that correct. What about the OPM opinion that your opponent cites, too? The OPM? The decision, or the regulation, you mean, regarding its definition of employees' pay allowances and differentials? Correct. Well, in Wallace, this court discussed that very OPM regulation. It excludes retirement benefits, but doesn't mention lump sum payments. And that's, I believe, the 1981 regulation, Your Honor. It did not mention lump sum payments. That's correct. And in 1999, those regulations were amended by OPM to clarify that lump sum payments are not included in the Back Pay Act. So under Smiley, the court can still consider OPM's regulations and its interpretation of the statute that it's required to administer. However, what we're submitting to the court is that you don't need to go there. Just as this court determined in Wallace, the terms of the statute are clear and unambiguous on its face. Therefore, you don't need to look to OPM's regulations. In any event that you decide that you must, OPM's regulations are reasonable in their construction based upon the terms of the statute itself and the intent of Congress. And that is, under the Back Pay Act, an employee is entitled to have what the employee would have had, but for an adverse personnel action. An employee would not be entitled to have pay for unused annual leave. And therefore, OPM's determination that lump sum payments do not fall within the scope of pay allowances and differentials under the Back Pay Act makes sense. It's reasonable and it's consistent with the terms of the Back Pay Act itself. Are there any other questions? There's no question. Thank you. For all these reasons, Your Honor, we request respectfully that the court affirm the trial court's judgments in this case. Thank you. May I please the court? I'll be very brief. That's just not true. You are entitled to the cash. Every federal employee gets cash for their unused annual leave. There is no question about it. And the OPM regulation in 1981 said it includes all monetary and employment benefits that the employee has at the time of their retirement or every pay period. But all that is pay. Let's call that generally pay, right? Yes. And this is my first question to you. Yes. Where in the lump sum act or the BPM does it say that prejudgment interest is pay? But the Back Pay Act doesn't say that Saturday premium pay is entitled. It doesn't say that night premium pay is entitled. It doesn't say that standby premium pay is entitled. It doesn't say there are dozens of premium pays, dozens of allowances and differentials. But those other factors are defined as pay in other acts. But not you still haven't shown me where in the law that you point to that you're entitled to the prejudgment interest. The OPM interprets the statute. The statute said pay broadly. If we accept that, that the OPM interprets the statute, then we also have to accept that the OPM constitutes a waiver of sovereign immunity. Of course. I mean, if Chevron. That can only be done expressly. Where in the OPM regulations do we see an express statement, a waiver of sovereign immunity? Your Honor, the Back Pay Act is the waiver of sovereign immunity. Congress and the legislative history. There is a report from the Senate in the legislative history in which they were not going to list all of the pays. There are dozens and dozens of different pays. They used a general explanation. Pay, allowances, differentials. OPM then accepts its responsibility under Chevron to fill in those blanks. And OPM said in 1981, all monetary and employment benefits are covered. And employees, unlike what the government just said, employees get cash for their unused annual leave. And on the OPM website, if you look there today, it says every employee is entitled to all of the unused annual leave in cash. And so if you uphold the court below or adopt the government's argument, it emasculates Chevron. It emasculates Chevron and exposes every federal employee, whenever they retire or separate, that if the government makes a mistake, and a serious mistake, and doesn't pay them the right amount of money, that they're not owed any interest. When this settlement occurred here, these employees had to receive as part of a settlement, after 18 years of litigation, 500 and some odd thousand dollars, all told, for the 3,167 nurses. They were not paid the right amount of money when they separated, in some cases, 25 years ago. Okay. Would you like to conclude, Mr. Legler? Yes, sir. Thank you, Your Honor. Thank you very much. I appreciate it.